On a question whether tlie grantor in a deed was insane at the time she executed it, the chancellor may properly rely upon the verdict of a jury to whom the question had been referred when the evidence is voluminous and conflicting in character.
STATEMENT OF THE CASE.
The bill in this case alleges that the complainants are the only heirs at law of Hannah Speakman, deceased, who died intestate in the Government Insane Asylum in the District of Columbia, on or about the 13th day of March, 1872; and that Hayes Speakman, her husband, died May 28,1870; that the said Hannah Speakman became insane in 1860; that she continued to have lucid intervals until 1864, when they ceased altogether; that during her life-time she was seized in fee-simple of a certain jnece of land in the District of Columbia, consisting of about five acres, near Piney Branch; that on the 8th day of September, 1868, and while the said Hannah Speakman was insane, the said Hayes Speakman and the defendant, James W. Eeddick, well knowing that the said Hannah Speakman was of unsound mind to an extent that rendered her incapable of entering into a contract, procured her to sign and acknowledge a deed purporting to convey the said real estate to the said James W. Eeddick. That neither the said Hannah Speakman, nor her heirs, nor any other person for her or for them, has ever received any consideration for said land, purporting to be conveyed by said deed; that the said Eeddick and wife, on the said 8th day of September, 1868, conveyed by deed a certain lot of land in the city of Washington, described in a deed recorded in liber D, No. 4, folio 6, to the said Hayes Speakman in consideration of the aforesaid lot conveyed to the said James W. Eeddick.
The bill concludes by praying that the deed of Hannah Speakman may be declared of no effect, null and void, and *245 for possession of the property, and an account of the rents and profits. The defendants, Eeddick and wife, filed their answer, denying that Hannah Speakman became insane in 1860 or that she received no consideration for the lot conveyed to Eeddick, and aver that, as the wife of Hayes Speak-man, she did receive consideration. And the said Eeddick denied that he knew the said Hannah Speakman was of unsound mind to an extent that rendered her incapable of entering into a contract; denies that her signature to said deed and acknowledgment thereof were procured save by fair means and for a valuable consideration; and they deny that the said Hannah Speakman was insane at the time of executing said deed, and aver that they were bona fide purchasers, for a valuable and full consideration, without notice of disability.
The plaintiffs filed replications to the answers. Evidence was taken before an examiuer, and at the hearing the chancellor directed the issue as to the sanity of Hannah Speak-man at the time she executed and acknowledged said deed to be tried by a jury. The trial was had, and the jury found that she was sane. At the final hearing, the court was of the opinion that Hannah Spéakman was sane at the time of executing said deed, and passed a decree accordingly, and dismissed the bill as to the defendants Eeddick, from which decree the plaintiffs appealed.
The decree was affirmed.